UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | No. 2:23–cv–158–DAD–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE<br><br>(ECF Nos. 2, 3.) |

    Plaintiff Donnell Bledsoe, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF Nos. 2, 3.) Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

    However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

    **i.**    **Subject Matter Jurisdiction**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal question cannot be premised on a defense. See Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) ("federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must be disclosed upon the face of the complaint, unaided by the answer.").

**Analysis**

While plaintiff's story is unclear and hard to follow, it appears plaintiff is alleging he is the executor of a house located in Stockton, California, which may have been left for his three siblings. (ECF No. 1 at 8.) It appears this property may have been the subject of a different suit in state court involving disputed ownership and breach of contract. (Id. at 22-24.) Furthermore,

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

as part of the contract dispute, plaintiff alleges Pearlie Townes owes him $20,000 for debt incurred while on instruction from Townes to search for two houses relating to a family business. (Id. at 10.)  Although it is unclear what happened in the prior suit, it appears plaintiff may have received an unfavorable decision as he is unhappy with the judicial staff involved in the prior case and was issued a notice of eviction from the above-referenced property for March 10, 2023.  (Id. at 7-11.)  Plaintiff makes many conclusory assertions and ultimately alleges he will lose his house due to the negligence of several judicial employees, conveying his dissatisfaction with the state court's decision.  (Id. at 7-8.)

The crux of plaintiff's allegations is his alleged defense of sovereign immunity, which he alleges the state court did not recognize or apply.  (Id. at 7-10.)  On the face of the complaint, plaintiff identified the nature of the suit as a rent, lease, and ejectment and a civil rights violation. (Id. at 27.)  Plaintiff has brought suit against defendants San Joaquin County Superior Court, Superior Court Judge George Abdullah, Pearlie Townes, Spencer Sinclair, and John M. Harris, and seeks a stay of eviction and $650,000.00 in damages.  (Id. at 2-3, 21.)  Plaintiff's handwritten complaint disguises his general dissatisfaction with a state court's decision.  For numerous reasons, this court lacks subject matter jurisdiction to hear plaintiff's case because there is no federal question before the court, and diversity jurisdiction is not satisfied.  See 28 U.S.C. §§ 1331, 1332(a).

Complete diversity does not exist here because plaintiff and all defendants are residents of California.  (ECF No. 1 at 2-3).  Thus, the first requirement of diversity jurisdiction fails.  See 28 U.S.C. §§ 1332(a) (both the amount in controversy and the full diversity requirements must be met for diversity jurisdiction).

Regarding federal questions, first, plaintiff's allegation regarding negligence in the proceedings over the house is not a federal question.  See e.g., K.C. v. Victor Valley Transit Auth., 2018 WL 6219787, at *1 (C.D. Cal. Nov. 7, 2018) (remanding a case from federal court to state court for lack of subject matter jurisdiction where plaintiff alleged state law causes of action of negligence and negligent infliction of emotional distress).  Second, plaintiff's alleged defense of sovereign immunity to the enforcement of the decision held by the state court does not give

rise to a federal question.[3] (Id. at 6.) Federal question jurisdiction cannot be premised on a defense rather than on the face of a well-pleaded complaint. See Provincial Gov't of Marinduque, 582 F.3d at 1086 (9th Cir. 2009) ("[F]ederal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must be disclosed upon the face of the complaint, unaided by the answer."). Third, it appears the true issue before the court is plaintiff's dissatisfaction with the state court's decision and his request for a stay of eviction. (Id. at 7-9.) However, this court has no jurisdiction over the final decision of a state court. See, e.g., Pinkston v. Lueck, 22 F. App'x 782, 783 (9th Cir. 2001) ("Federal district courts do not have jurisdiction over direct challenges to final decisions of state courts, even when the challenge involves federal constitutional issues."). Should plaintiff choose to challenge the state court's final decision and notice of eviction, an appeal should be filed with a court that has proper jurisdiction.[4]

      Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile. See Cahill, 80 F.3d at 339. This includes the fact that, even though plaintiff checked the "other civil rights violation" box in the civil cover sheet, no claim was actually stated. Regardless, if plaintiff intended to bring forth a 1983 claim against the state court judge, it would fail due to absolute judicial immunity. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (noting judges are absolutely immune from liability for acts performed in their official capacities). The same is applicable to the allegations against the judicial staff. See Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1985) ("Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions

---

[3] The court does not reach the issue of whether plaintiff is a member of a tribe subject to sovereign immunity. However, it appears legally frivolous. See Lewis v. Clarke, U.S. 155, 137 S. Ct. 1285, 1288 (2017) (holding a suit against a tribal employee in his individual capacity did not implicate sovereign immunity).

[4] Plaintiff's allegation of judicial misconduct against a state court judge does not give rise to a federal question in this case. The proper remedy for such an allegation is to file a complaint with the proper authority (e.g., The Commission on Judicial Performance of the State of California).

bear a close association to the judicial process."). To the extent plaintiff would attempt to raise a contract dispute with any party regarding the house, this is not a federal question. See, e.g., Caterpillar Inc., 482 U.S. at 387 (noting breach of contract is a state law claim).

**ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED. Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 6, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

AM/SD, bled.158

5